UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAITLYN SZOLACH,

    Plaintiff,                                              Case No. 25-cv-10633
                                                     Hon. Matthew F. Leitman

v.

REDFORD UNION SCHOOL DISTRICT, *et al.*,

    Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR
ALTERNATE SERVICE (ECF No. 22)**

    In this action, Plaintiff Caitlyn Szolach, acting as next friend to minor B.S., claims that the Defendants violated B.S.'s rights under the Fourth and Fourteenth Amendments, the Americans with Disabilities Act, and Michigan law. (*See* Compl., ECF No. 1.) Szolach has served her Complaint on Defendants Soliant Health, LLC, Redford Union School District, and BlazerWorks, LLC (*see* Certificates of Service, ECF Nos. 3, 4, 5, 6), but she has been unable to serve Defendant Anthony Brown.

    Accordingly, on July 31, 2025, Szolach filed a motion for alternate service. (*See* Mot., ECF No. 22.) In that motion, Szolach asks the Court for permission to serve Brown by tacking (*i.e.*, affixing a copy of the Complaint and other documents

1

near the entrance of Brown's home). (*See id.*, PageID.166.) For the reasons explained below, Plaintiff's motion is **GRANTED**.[1]

# I

## A

Federal Rule of Civil Procedure 4(e)(1) provides that "an individual may be served in a judicial district of the United States by following state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district court is located or where service is made." In turn, Michigan Court Rule 2.105 governs service of process in the State of Michigan. That rule provides in relevant part that process may be served on a resident or non-resident individual by:

1. delivering a summons and a copy of the complaint to the defendant personally; or

2. sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

Mich. Ct. Rule 2.105(A)(1)-(2).

Michigan Court Rule 2.105(J) further provides that alternate service may be appropriate under some circumstances:

---

[1] The Court concludes that it may resolve this motion without oral argument. *See* E.D. Mich. Local Rule 7.1(f)(2).

2

1. On a showing that service of process cannot reasonably be made as provided by this rule, the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard.

2. A request for an order under the rule must be made in a verified motion dated not more than 14 days before it is filed. The motion must set forth sufficient facts to show that process cannot be served under this rule and must state the defendant's address or last known address, or that no address of the defendant is known. If the name or present address of the defendant is unknown, the moving party must set forth facts showing diligent inquiry to ascertain it. A hearing on the motion is not required unless the court so directs.

3. Service of process may not be made under this subrule before entry of the court's order permitting it.

Mich. Ct. Rule 2.105(J).

In Michigan, alternate service "is not an automatic right." *Krueger v. Williams*, 300 N.W.2d 910, 915 (Mich. 1981). "A truly diligent search for an absentee defendant is absolutely necessary to supply a fair foundation for and legitimacy to the ordering of substituted service." *Id.* at 919.

**B**

The Court concludes that Szolach's motion, supported by the affidavit of her process server (*see* Aff., ECF No. 22-1), satisfies the requirements for alternate service described above. First, Szolach has sufficiently shown that service of Brown "cannot reasonably be made" under the usual methods for service of an individual

3

under the Michigan Court Rules. Mich. Ct. Rule 2.105(I)(1).  Szolach has attempted to personally serve Brown on at least three separate times at his last known address, all without success. (*See* Affidavit of Process Server Christopher Warren, ECF No. 22-1, PageID.172-175.)  On at least two of those occasions, Brown's parents spoke to the process server and said that Brown was not home. (*See id.* at ¶¶ 5-6, PageID.172.)  On a third occasion, despite a car being present in Brown's driveway, nobody answered the door to his home. (*See id.* at ¶ 7, PageID.173.)  Thus, it appears that Brown is actively avoiding personal service of the Complaint.

Second, as required under Michigan Court Rule 2.105(2), Szolach submitted a motion that is dated within 14 days of filing, and it was supported by the affidavit of her process server. (*See* Mot., ECF No. 22.)  The motion and supporting documents provided evidence that Szolach has not been able to successfully serve Brown despite diligent efforts.  The motion also includes Brown's last known address. (*See* Warren Aff. at ¶ 4, ECF No. 22-1, PageID.172.)

Finally, the way in which the Court will require Szolach to serve Brown – by tacking at Brown's last known residential address – is "reasonably calculated to give [Brown] actual notice of the proceedings and an opportunity to be heard." Mich. Ct. Rule 2.105(I)(1).

Accordingly, for all the reasons stated above, Szolach's motion for alternate service (ECF No. 22) is **GRANTED**.  Szolach shall serve Brown by posting a copy

4

of (1) the Summons, (2) the Complaint, (3) the Court's order extending time to serve Brown (ECF No. 21), and (4) this order on the entrance of Brown's last-known residential address as reflected in Szolach's motion.

Szolach shall also file a Certificate of Service with the Court after she serves Brown as directed in this order.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  August 7, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 7, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126